**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| TINA HORTMAN ANDERSON | CIVIL ACTION NO. 07-0905 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF MINDEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by the defendants, the City of Minden ("the City"), the Minden Police Department, Marc Herring ("Officer Herring"), and Jared Lafosse ("Officer Lafosse"). See Record Document 44. The defendants argue that there are no genuine issues of material fact and the plaintiff's claims should be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). See id. Alternatively, they argue that the individual officers are entitled to qualified immunity. See id. The plaintiff, Tina Hortman Anderson ("Anderson"), opposed the Motion for Summary Judgment. See Record Document 56. For the reasons which follow, the Motion for Summary Judgment is granted and all of Anderson's claims are dismissed.

**I.    BACKGROUND.**

On May 27, 2006, Anderson was present on property owned indivisibly by herself and her siblings. See Record Document 57 at 1. One of her siblings, Cindy Hortman ("Hortman"), was also present at the property at that time. See id. The property is located at 1519 Shreveport Road, Minden, Louisiana. See Record Document 44-3 at ¶ 1.

According to Anderson, she had gone to the property to offer her sister an extension of time before she had to vacate the premises. See Record Document 57 at 1. While there, Anderson saw two police officers arrive. See id. Officer Herring, who appeared to

be the first officer to arrive on the scene, stated in his affidavit that he was dispatched to 1519 Shreveport Road in reference to a disturbance. See Record Document 44, Exhibit A at ¶ 3. Officer Lafosse also responded to 1519 Shreveport Road. See id., Exhibit A at ¶ 12.

The parties disagree about what happened next. Anderson contends that after the discussion became heated, she decided to leave the property. See Record Document 52-3 at 1. She then began walking back toward her boyfriend's motorcycle to leave. See id. According to Anderson, as she got onto the motorcycle, Officer Herring approached her, grabbed her by the wrist, and advised her that she was under arrest. See id. In her affidavit, Anderson stated:

> Officer Herring approached [me] in an aggressive manner and began handling [me] with excessive force placing [me] in a wrist lock, while forcing down and as a result [I] could not comply with instructions to stand up because of the force being exerted on [my] wrist.
> At not time did Officer Herring give [me] time to comply with his request to remove [myself] from the motorcycle.
> After placing the handcuffs on [my] wrist, Officer Herring began to pull [me] down from the motorcycle with such force that when [I] struck the ground [my] ankle was fractured.

Id. at 2.

Anderson maintains that she did not hear Officer Herring tell her to stop while she was approaching the motorcycle or boarding the motorcycle. See id. She also contends that she did not physically resist the arrest of Officer Herring. See id. Anderson's boyfriend, Cody Mayo, was also present at 1519 Shreveport Road on May 27, 2006. See Record Document 52-2. His version of events matches the facts set forth in Anderson's affidavit.

According to Officer Herring, he arrived on the scene and spoke with both Anderson

and Hortman. See Record Document 44, Exhibit A at ¶ 5. At that time, he also understood that the Minden Police had been dispatched to 1519 Shreveport Road earlier in the day because of a disturbance, wherein two individuals had to be physically separated. See id. Officer Herring stated in his affidavit that Anderson lunged and battered Hortman, stating "F— you." See id. at ¶ 7.[1] Anderson then started walking towards the motorcycle and Officer Herring instructed her to stop and come to him. See id. She did not comply. See id. Officer Herring followed Anderson and instructed her that she was being placed under arrest. See id. Despite this instruction, Anderson got on the motorcycle and would not get off. See id. Officer Herring stated that he then grabbed one wrist and placed a handcuff on Anderson, but he was unable to place the other cuff on her because she would not comply with his instructions. See id. According to Officer Herring, the incident then escalated:

> [I] used a wrist lock to attempt to control Ms. Anderson and to get her off the motorcycle. She continued to resist. [I] tightened [my] grip and Ms. Anderson stood up on the motorcycle.
> After [I] tightened [my] grip on the wrist lock, Ms. Anderson came off the motorcycle. She initially stepped down and then went to the ground on her chest. She continued to resist until [I] was able to get both handcuffs on her. After Anderson was cuffed, [I] did not use any force in completing the arrest.

Id. at ¶¶ 8-9. Officer Lafosse had minimal contact with Anderson, only providing assistance to Officer Herring once Anderson was on the ground. See id. at ¶ 12.

Anderson was charged with simple battery, resisting an officer, disturbing the peace, and misrepresentation during booking. See Record Document 44, Exhibit F. On September 27, 2006, she appeared in the City Court of Minden, in and for Ward One,

---

[1] Anderson admitted in her deposition that she used these words towards her sister. See Record Document 44, Exhibit C at 152-153.

Webster Parish, State of Louisiana.  See Record Document 58, Exhibit H.  Judge John C. Campbell found Anderson guilty of both disturbing the peace and resisting an officer.  See id.[2]  Anderson received a suspended sentence and was ordered to pay a fine and court costs.  See Record Document 44, Exhibit E.  Anderson did not appeal her convictions.

Anderson filed suit on May 29, 2007, naming the City, the Minden City Police Department, Officer Herring, and Officer Lafosse as defendants.  See Record Document 1, ¶ 3.  Pursuant to Title 42, United States Code, Sections 1983 and 1988, she alleged deprivation of rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, the Louisiana Constitution, Louisiana Civil Code Article 2315 (negligence), and Louisiana Civil Code Article 2320 (vicarious liability).  See id., ¶ 1.  She further alleged that the individual officers had committed intentional torts under Louisiana law, namely assault and battery, and that she was maliciously prosecuted.  See id., ¶ 14.  The defendants answered[3] and later filed the instant motion on January 30, 2009.  See Record Documents 5, 18, & 44.

---

[2]In her opposition, Anderson contends that the transcript of the City Court's ruling of September 27, 2006, "is completely false, inaccurate and based upon incorrect information."  Record Document 56 at 5.  It appears that Anderson bases this assertion on the fact that the transcript incorrectly identified Walter Clawson as the criminal defense attorney.  See Record Document 44, Exhibit D.

Upon receiving the opposition, the defendants contacted the City Court and their court reporter to address any alleged falsity of the transcript.  The defendants learned that the only error in the transcript is the identity of the defense counsel during the criminal trial.  See Record Document 58, Exhibit H.  The criminal defense lawyer was not Walter Clawson, but rather David (Dell) Harville, Jr.  See id.  Beyond that error, there is nothing in the record to suggest that the transcript is false or inaccurate.

[3]In its answer, the Minden City Police Department asserted the defense that it is not a legal entity and is not subject to suit.  See Record Document 5.

## II. LAW AND ANALYSIS.

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

### B. Claims Against Officer Herring and Officer Lafosse.

#### 1. Federal Claims.

Pursuant to Section 1983, Anderson asserts claims for intentional invasion of her privacy, excessive and unnecessary force, arrest without probable cause, and deliberate indifference to her due process rights in pursuing the prosecution. Relying on Heck v.

Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the defendants argue that these claims must be dismissed as Section 1983 can not be used by Anderson to undermine her state court criminal conviction for resisting an officer. See Record Document 44-2 at 4-8.

In her opposition, which included no case citations, Anderson argues that the resisting an officer conviction relates to her interaction with the booking officer at the police station, not Officers Herring or Lafosse. See Record Document 56 at 4-5, 8. Anderson also challenges the validity of the City Court transcript. See id. at 7. Finally, Anderson contends that the defendants believe she "basically deserved what happened to her" and that "the jurisprudence cited by the defendants is cited to support the idea that someone convicted of resisting arrest grants license to the police to use whatever level of force they choose." Id. at 7, 11.

Section 1983 claims that effectively attack the constitutionality of an underlying criminal conviction do not accrue until that conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996), citing Heck, 512 U.S. at 486-487, 114 S.Ct. at 2372. This legal principle serves to prevent Section 1983 plaintiffs from collaterally attacking convictions that are still outstanding. See id., citing Heck, 512 U.S. at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction . . ., just as it has always applied to actions for malicious prosecution."). Based upon this rationale, "[t]he maturity of a [S]ection 1983 claim . . . depends on

'whether a judgment in [the plaintiff's] favor . . . would necessarily imply the invalidity of his conviction.'" Id., citing Heck, 512 U.S. at 487, 114 S.Ct. at 2372. Simply put, "the Heck determination depends on the nature of the offense and of the claim." Arnold v. Town of Slaughter, No. 03-30941, 2004 WL 1336637, **2 (5th Cir. June 14, 2004).

Here, Anderson's convictions and sentences have not been reversed on direct appeal, expunged, declared invalid or otherwise called into question in a habeas proceeding. Thus, her Section 1983 action may be entertained only if the Court determines that a ruling in her favor will not necessarily call into question the validity of her convictions.

Applying this test, the Court concludes that Anderson's claims for intentional invasion of her privacy, excessive and unnecessary force, arrest without probable cause, and deliberate indifference to her due process rights in pursuing the prosecution are not cognizable under Section 1983. Again, Anderson was convicted for disturbing the peace and resisting an officer. Judge Campbell's pronouncement clearly establishes that these two convictions related to Anderson's actions at 1519 Shreveport Road:

> The Court: You're charged before the court with Disturbing the Peace and Resisting Arrest. The testimony is rather clear to me that the defendant was in a . . . I think Mr. Mayo described it as a bad situation . . . with her sister concerning her right and access to the house . . . that there was someone else present there, and that obviously from the description of the officer as to what took place, there was a disturbance that took place. As to whether or not the disturbance rose to the level that would constitute disturbing the peace is somewhat close, but I do believe beyond a reasonable doubt that it did and I am going to find her guilty of Disturbing the Peace. I find that the defendant was placed under arrest at the point in time that the officer told her to hold up. But at that point she had lost her right to move freely as she would want to . . . the actions that were described following that time do constitute Resisting an

> Officer. So I am finding you guilty of both Disturbing the Peace
> and Resisting an Officer at this time.

Record Document 58, Exhibit H. The Judgment of Conviction and Sentencing Order references docket numbers 84902 and 84904. See Record Document 44, Exhibit G. Docket number 84902 is the Disturbing the Peace charge, specifically "disturb[ing] the peace by addressing any offensive, derisive, or annoying words to any person in public." Id., Exhibit F. Docket number 84904 is the Resisting an Officer charge, specifically "resist[ing] Marc Herring, a police officer while acting in the performance of his duty." Id., Exhibit F.[4]

Despite Judge Campbell's findings, Anderson's current lawsuit contends that she did not "exhibit abusive behavior to warrant the officers conduct with her" and that "at no time did [she] resist the arrest of Officer Marc Herring." Record Document 52 at 4. Anderson also claims that she complied or attempted to comply with all of Officer Herring's instructions. See id. She is essentially arguing that she did not resist arrest, did nothing wrong, and was attacked by the officers for no reason. Such allegations squarely challenge the factual determinations that underlie her conviction for resisting an officer. See Arnold, 2004 WL 1336637, **3; see also Walker v. Munsell, No. 08-30087, 2008 WL 2403768, *1 (5th Cir. June 13, 2008); Deleon v. City of Corpus Christi, 488 F.3d 649, 652 (5th Cir. 2007).

In Arnold, the Fifth Circuit examined the excessive force and malicious prosecution

---

[4] Anderson contends that "there is no evidence in that [sic] record supporting the assertion that [she] was found guilty of resisting Officer Marc Herring." Record Document 52 at 4. Yet, Judge Campbell's oral pronouncement and the Judgment of Conviction and Sentencing Order clearly evidence that she was convicted of Resisting an Officer, specifically Officer Marc Herring.

claims of a Section 1983 plaintiff who had been convicted of resisting an officer in a Louisiana state court. See Arnold, 2004 WL 1336637, **2. Like Anderson, the Arnold plaintiff maintained that he did nothing to provoke the officer's action; he had done nothing wrong; and he had been viciously attacked for no reason. See id., **3. The Fifth Circuit concluded that the plaintiff's "suit squarely challenge[d] the factual determination that underlie[d] his conviction for resisting an officer." Id. The court reasoned that the suit was barred by Heck. See id.; see also Walker, 2008 WL 2403768, **1. This rationale clearly extends to Anderson's claims against the individual officers for intentional invasion of her privacy,[5] excessive and unnecessary force, and deliberate indifference to her due process rights in pursuing the prosecution.[6]

Anderson's claim for arrest without probable cause is likewise barred by Heck. Louisiana Revised Statute 14:108 defines resisting an officer as "the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a ***lawful arrest*** . . . when the offender knows or has reason to know that the person arresting . . . is acting in his official capacity." La. R.S. 14:108(A) (emphasis added). Thus, in finding Anderson guilty of resisting an officer, Judge Campbell necessarily found that Officers Herring and Lafosse made a lawful

---

[5]Anderson has asserted a claim for invasion of privacy, but has not identified a factual basis for such claim. The Court is left to assume that this claim relates to her interaction with Officers Heck and Lafosse, and, like her other Section 1983 claims, it is barred by Heck.

[6]In Heck, the Supreme Court reasoned that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction . . ., ***just as it has always applied to actions for malicious prosecution***." Heck, 512 U.S. at 486, 114 S.Ct. at 2371 (emphasis added).

arrest, including an arrest with probable cause. See Arnold, 2004 AL 1336637, **4.

If Anderson prevails in the instant lawsuit, she will have established that her criminal conviction for resisting an officer lacks any basis. Her lawsuit challenges the validity of this conviction and is barred by Heck. Summary judgment is granted and Anderson's Section 1983 claims against Officers Herring and Lafosse are dismissed.

### 2. State Law Claims.

Anderson alleged state law claims for assault, battery, and malicious prosecution. See Record Document 1, ¶ 14. As to her assault and battery claims, the Court once again finds that these claims should be dismissed because they challenge the validity of her underlying conviction for resisting an officer. In Roberson v. Town of Pollock, 2005-332 (La.App. 3 Cir. 11/9/05), 915 So.2d 426, 433-434, the court reasoned:

> Along with her request for general damages and attorney's fees, the plaintiff forthrightly asks that her conviction be set aside and that the amount of the fine be refunded to her. This is a collateral attack on a criminal proceeding in a civil suit. Such a collateral attack on an underlying criminal proceeding is impermissible. Duke v. State, Dept. of Public Safety, 424 So.2d 1262 (La.App. 3 Cir.1982), citing Gardner v. State, Dept. of Public Safety, 198 So.2d 184 (La.App. 3 Cir.1967); State v. Free, 321 So.2d 50 (La.App. 3 Cir.1975), writ denied, 325 So.2d 272 (La.1976). The United States Supreme Court has noted that, even in 42 U.S.C. § 1983 cases, a collateral attack on a criminal conviction in a civil proceeding is not permissible. See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Rather, the conviction must first be invalidated before pursuit of that type of civil remedy is appropriate. Id.

Roberson, 915 So.2d at 433-434. Roberson, along with the other Louisiana appellate decisions cited in the opinion, supports the conclusion that Louisiana courts apply the legal principle set forth in Heck, that is, a plaintiff cannot bring a claim in a civil action if prevailing on that claim would imply that her underlying conviction was invalid. Accordingly, summary judgment is granted and Anderson's assault and battery claims are dismissed.

Anderson's malicious prosecution claim likewise fails. Under Louisiana law, the elements of a malicious prosecution action are: "(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff." Jones v. Soileau, 448 So.2d 1268, 1271 (La. 1984). Here, the underlying criminal proceeding was not terminated in Anderson's favor, as she was convicted of disturbing the peace and resisting an officer. Anderson did not appeal her convictions, thus there was no avenue for her convictions to be reversed. There is also no evidence to support a finding that the convictions were expunged. was no avenue for her convictions to be overturned. Thus, summary judgment is granted and Anderson's malicious prosecution claim is dismissed.[7]

### C. Claims Against the Minden Police Department.

In the Motion for Summary Judgment, the defendants argue that the Minden Police Department is not a legal entity and is not subject to suit. See Record Document 44-2 at 9. This issue goes unaddressed in Anderson's opposition. See Record Document 56.

The Minden Police Department is not a legal entity or person capable of being sued. See Miles v. Slidell Police Dep't, No. 07-8824, 2008 WL 544523, *2 (E.D.La. Feb. 26. 2008), citing Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D.La.1988); see also Combs v. City of Dallas, No. 06-11416, 2008 WL 2831267, 1 (5th Cir. 2008). The State of

---

[7]Officers Herring and Lafosse also asserted the defense of qualified immunity in the Motion for Summary Judgment. See Record Document 44-2 at 10-11. However, because the Court has dismissed all claims against the individual officers on other grounds, it did not engage in the qualified immunity analysis.

Louisiana accords no such legal status to any law enforcement office or department. See Miles, 2008 WL 544523, *2, citing Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Dep't, 350 So.2d 236 (La.App. 3rd Cir. 1977). Thus, because the Minden Police Department is not a legal person for purposes of Section 1983 liability, all claims against the department must be dismissed.

### D. Claims Against the City.

In her complaint, Anderson alleges that the City is vicariously liable under state law for the acts and omissions of Officers Herring and Lafosse. See Record Document 1 at ¶ 15. It appears that she also contends that the City permitted the use of excessive force and unnecessary force; failed to take the necessary precautions to preclude the occurrence of the type of incident which occurred in this case; permitted Anderson's unlawful arrest; failed to train, supervise, and punish Officers Herring and Lafosse; acted with deliberate indifference to Anderson's rights; and violated and interfered with Anderson's constitutional rights. See id. at ¶ 19. The defendants argue that Anderson's claims against the City must be dismissed as she "can not prove the existence of the custom, policy or practice, the necessary level of culpability, or the causal link between the alleged policy and the specific wrong." Record Document 44-2 at 10. Anderson did not specifically address her claims against the City in her opposition to the Motion for Summary Judgment. See Record Document 56.

"Municipal liability for civil rights violations under Section 1983 is based on causation rather than *respondeat superior*." Bolton v. City of Dallas, 541 F.3d 545, 548 (5th Cir. 2008). It is when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible under Section 1983. See Monell v. Dep't of Social

Services of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38 (1978). To establish a municipality's liability for a constitutional tort, the plaintiff must show first, that the municipality adopted a policy with "deliberate indifference" to its known or obvious consequences, and second, that the municipality was the "moving force" behind the constitutional violation. Id.

Since Monell, the Fifth Circuit has defined "official policy" as:

(1) A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

(2) A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Nobby Lobby, Inc. v. City of Dallas, 970 F.2d 82, 92 (5th Cir. 1992). The Fifth Circuit requires that a Section 1983 plaintiff plead specific facts, not merely conclusory allegations, with sufficient particularity to meet all the elements of recovery. See Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992). "This heightened pleading requirement applies to allegations of municipal custom or policy." Id.

As to deliberate indifference, courts have generally held that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact. . . . Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming

be properly thought of as a city 'policy or custom' that is actionable under § 1983." City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 1205 (1989). The same rationale applies to failure to supervise and punish claims. Stated another way, to establish deliberate indifference, a plaintiff must show at least a pattern of violations (fairly similar to what ultimately transpired) so that the failure of the city to respond with different training, better supervision, or punishment reflects a deliberate or conscious choice to endanger constitutional rights. See Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 381-383 (5th Cir. 2005); Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005).

Anderson's Section 1983 municipal liability claims against the City fail as a matter of law. She has come forward with no formal policy statements, ordinances, regulations, or decisions. Likewise, she has not identified any pattern of similar incidents that seem to be consistent with an informal policy.

Notwithstanding, even if this Court were to assume for purposes of the instant Memorandum Ruling that Anderson has demonstrated some sort of informal policy, her claim fails because she has presented no evidence suggesting that any such informal policy was adopted with deliberate indifference. The defendants have presented the affidavit of Chief of Police T. C. Bloxom, Jr. ("Chief Bloxom"). See Record Document 44, Exhibit B. Chief Bloxom, who has been the chief since January 1, 1991, stated:

> It is the policy and practice of the City of Minden and its Police Department to protect constitutionally protected and statutorily protected rights of individuals. The Police Department trains its officers in accordance with applicable standards. The Department provides ongoing training of its officers, including annual updates provided by Judge Harmon Drew. Police officers go to specialized training at various seminars and courses offered at various locations to law enforcement officers.

Id., Exhibit B at ¶¶ 1-2. The summary judgment record simply does not support a finding that any alleged failure to train, supervise, or punish was a "deliberate" or "conscious" choice by the City. Accordingly, summary judgment is granted and Anderson's Section 1983 municipal liability claims against the City are dismissed.

Anderson has also asserted a state law vicarious liability claim against the City, arguing that the City is liable for the actions of Officers Herring and Lafosse. Louisiana law provides for vicarious liability, or *respondeat superior*, of employers for the actions of their employees. See La. C.C. Art. 2320. Here, there is no real dispute that Officers Herring and Lafosse were acting within the scope of their employment at the time of their alleged tortious conduct on May 27, 2006. Yet, as discussed previously, Anderson's state law vicarious liability claim fails because a finding that the actions of Officers Herring and Lafosse were tortious acts, such that the City would be vicariously liable, would necessarily challenge the validity of the resisting an officer conviction. See Roberson, 915 So.2d at 433-434 ("This is a collateral attack on a criminal proceeding in a civil suit. Such a collateral attack on an underlying criminal proceeding is impermissible. The United States Supreme Court has noted that, even in 42 U.S.C. § 1983 cases, a collateral attack on a criminal conviction in a civil proceeding is not permissible. Rather, the conviction must first be invalidated before pursuit of that type of civil remedy is appropriate.") (internal citations omitted). Accordingly, summary judgment is granted as to Anderson's state law vicarious liability claim against the City.

### III. CONCLUSION.

Based on the foregoing, the Motion for Summary Judgement (Record Document 44) filed by the defendants is granted. All of Anderson's claims are dismissed.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of May, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE